UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOIS LANDRUM & MAC A. MCGRATH** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 06-9499** |
| **AMERICAN SECURITY INSURANCE COMPANY, ET AL.** | * | **SECTION "L"(3)** |

## ORDER & REASONS

Before the Court is Plaintiffs Lois Landrum and Mac A. McGrath's Motion to Remand. (Rec. Doc. No. 31)  For the following reasons the motion is GRANTED.

I.      **Factual and Procedural Background**

This case arises out of property damage as a result of Hurricane Katrina.  Plaintiffs allege that Hurricane Katrina caused extensive damage to Plaintiffs' property located at 2709 Tara Dr. in Violet, Louisiana.  Plaintiffs held property and casualty insurance policy through American Security Insurance Company ("American") and a flood insurance policy through Fidelity National Property and Casualty Insurance Company ("Fidelity"). Washington Mutual Bank ("WMB") holds the mortgage to the Plaintiffs' property.  While the complaint is silent, presumably David S. Farzio was the Plaintiffs' insurance agent.

Plaintiffs allege that Fidelity, WMB and Farzio claims that the Plaintiffs' flood insurance policy has lapsed.  In the event that such insurance policy has lapsed, the Plaintiffs have alleged that Fidelity, WMB and Farzio are negligent for allowing the policy to lapse, incorrectly determining that the property was  not in a flood zone or not a flood risk, and for failing to notify or communicate with the Plaintiffs and for failing to automatically renew the flood policy which

had been done for 13 years.  Plaintiffs have sued claiming a breach of the insurance contracts, detrimental reliance and have alleged a cause of action under Louisiana Revised Statutes 22:1220 and 22:658 because the Defendants have arbitrarily and without probable cause refused to provide payment as required under the policy.

Fidelity removed this case to this Court on November 2, 2007.  (Rec. Doc. No. 1) Fidelity argued that the Court has jurisdiction over this matter under 28 U.S.C. § 1337 because Fidelity, for the purpose of this suit, is a Write Your Own ("WYO") Program insurance carrier that is participating in the National Flood Insurance Program and that the federal courts have exclusive subject matter jurisdiction over the claims against a WYO company.  The Plaintiffs have since dismissed all of their claims against Fidelity.  (Rec. Doc. No. 30)

WMB filed a motion for summary judgment on July 9, 2007.  (Rec. Doc. No. 17)  After oral argument on August 1, 2007, the Court continued WMB's motion until September 26, 2007, to allow the Plaintiffs an opportunity to take discovery with respect to the motion.  (Rec. Doc. No. 28)

**II.     The Motion**

Plaintiffs moved to remand this case to state court and argue that now that Fidelity has been dismissed from this case, the Court lacks subject matter jurisdiction.  Plaintiffs argue that their claims against Fidelity were the sole federal law issues and, since none of the remaining defendants are WYO companies, federal questions jurisdiction does not exist.  Additionally, although Plaintiffs only provide a conclusory heading without pleading any specific facts, the case also lacks complete diversity.  Presumably Farzio, like the Plaintiffs, is a Louisiana citizen.

WMB opposes the Motion arguing that the Court should retain jurisdiction over the

Plaintiffs' remaining claims by exercising its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Specifically, WMB argues that because its motion for summary judgment is pending before the Court and that it has spent considerable resources briefing and arguing the motion, the Court should retain jurisdiction. The additional delays that would result from remanding the case to state court would, according to WMB, be unfair and would require WMB to begin its summary judgment process over again. Defendant American Secuirty Insurance Company has joined WMB's opposition to the Motion. (Rec. Doc. No. 39)

### III.    Law and Analysis

"[A]n action filed in state court may be removed to federal court if the action is one over which the district courts have original jurisdiction based on the claim or right arising under the Constitution, treaties, or laws of the United States" pursuant to 28 U.S.C. § 1441(b). *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Id.* Typically, the removal statute is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).

There does not appear to be any question that the Court no longer retains subject matter jurisdiction over the Plaintiffs' claims, nor does any Defendant dispute that the Court lacks subject matter jurisdiction. Rather, the sole dispute, from WMB's point of view, is whether the Court should retain jurisdiction over this case pursuant to 28 U.S.C. § 1367 despite the fact that all of the Plaintiffs' federal causes of action have been dismissed and complete diversity is lacking.

As a general rule, a federal court should decline to exercise jurisdiction over pendent

state claims when all federal claims are disposed of prior to trial. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Fifth Circuit has stated that "[a]lthough we have stated that our 'general rule' is to decline to exercise jurisdiction over pendent state-law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). In determining whether to exercise jurisdiction over pendent state-law claims the Court is to consider the statutory provisions of 28 U.S.C. § 1367(c) and balance the factors of judicial economy, convenience, fairness and comity. *Id.*

Section 1367(c) states that a court may decline to exercise supplemental jurisdiction over a claim if: (1) it raises a novel or complex issue of state law, (2) it substantially predominates over the claim or claims over which the court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Clearly, the third factor weighs heavily against the Court exercising supplemental jurisdiction over the Plaintiffs' state law claims. *See Brim v. ExxonMobile Pipeline Co.*, 213 Fed. Appx. 303, 305 (5th Cir. 2007) ("In this instance, § 1367(c)(3) clearly applies because the district court dismissed the former employees' federal statutory claims on summary judgment.").

Addressing the factors of judicial economy, convenience, fairness and comity, WMB relies almost exclusively on *Batiste v. Island Records, Inc.* to support its argument that the Court should exercise its supplemental jurisdiction in this case. In *Batiste*, the Fifth Circuit held that the court abused its discretion by declining to retain jurisdiction over a plaintiff's state law claims. 179 F.3d at 227. The Fifth Circuit held that the district court abused its discretion in

light of the following: the case had been pending for almost three years; trial was set to begin one month after the court allowed the voluntary dismissal of the federal claims; the case produced sixteen volumes of record, numerous depositions and discovery disputes over the course of those three years; there was significant consideration by the district court of multiple motions to dismiss claims or grant summary judgment. *Id.* Due to the courts familiarity with the plaintiffs' claim "future proceedings in the district court would prevent redundancy and conserve scarce judicial resources." *Id.*

The Court finds that *Batiste* is distinguishable to the case at hand. Plaintiffs' claims have been before the Court for only ten months. As WMB conceded in its previous pleadings, no discovery has taken place. *See* Def. Reply, at p. 2 (Rec. Doc. No. 27) Further, no trial date has been set. Aside, from WMB's motion for summary judgment, the Court has not addressed any other substantive motion in this case and has continued hearing on the motion until September. Due to the Court's minimal involvement with Plaintiffs' state law claims, the factors of judicial economy and comity favor remanding this case to state court.

**IV.   Conclusion**

Accordingly, the Plaintiffs' Motion to Remand is GRANTED and this matter is hereby REMANDED to the Thirty-Fourth Judicial District Court, Parish of St. Bernard, State of Louisiana.

New Orleans, Louisiana, this 29th day of August, 2007.

UNITED STATES DISTRICT JUDGE